# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52091-5-II |
| Respondent, | |
| v. | |
| RONALD WILLIAM MCNEAL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Ronald McNeal appeals his amended judgment and sentence for unlawful possession of a controlled substance—methamphetamine, and unlawful delivery of a controlled substance—methamphetamine.  In 2016, we considered McNeal's prior CrR 7.8 motion as a personal restraint petition (PRP) and remanded the case for correction of scrivener's errors.  The trial court issued an order correcting those errors, but left intact previously imposed discretionary legal financial obligations (LFOs).  McNeal now argues, and the State concedes, that these discretionary LFOs are no longer authorized.  In a Statement of Additional Grounds (SAG) for Review, McNeal also argues that he was denied due process when the trial court denied him a hearing to review his offender score and criminal history at the hearing to correct the scrivener's errors.  We hold that McNeal's due process rights were not violated.

After filing our opinion in this case, McNeal filed a "Motion to Vacate."  He argues that in light of our Supreme Court's holding in *State v. Blake*,[1] we should vacate his unlawful

---

[1] *State v. Blake*, No. 96873-0, slip op. at 31 (Wash. Feb. 25, 2021), http:www.courts.wa.gov/opinions/pdf/968730.pdf.  There, our Supreme Court held that RCW 69.50.4013(1)—the simple drug possession statue—violates due process.

possession of a controlled substance conviction and remand for resentencing. The State

concedes that McNeal's drug possession conviction must be vacated. We accept McNeal's

motion as a supplemental brief under RAP 10.2(h) and accept the State's concessions.[2]

Accordingly, we affirm McNeal's conviction for unlawful delivery of a controlled substance and

remand to the trial court to vacate his conviction for unlawful possession of a controlled

substance and to resentence McNeal.

## FACTS

In 2012, Ronald McNeal was convicted of one count of unlawful possession of a

controlled substance—methamphetamine, and one count of unlawful delivery of a controlled

substance—methamphetamine. At the time of his conviction, McNeal's criminal history

included second degree theft, three felony violations of the Uniform Controlled Substances Act

(UCSA),[3] unlawful possession of a firearm, and three counts of driving with license suspended in

the third degree (DWLS). The judgment and sentence form listed Lewis County as the

sentencing court for all three DWLS convictions.

McNeal's offender score was calculated as an 8, based on his criminal history and that he

committed a current conviction while on community custody. The trial court sentenced him to a

total of 144 months of confinement.

At the time of McNeal's first sentencing, the trial court found him indigent for the

purposes of seeking review at public expense and providing an attorney for his appeal.

---

[2] Under RAP 10.1(h) we may in a particular case, on our own motion or on motion of a party, authorize or direct the filing of briefs on the merits.

[3] Ch. 69.50 RCW.

No. 52091-5-II

Nonetheless, the trial court imposed the following LFOs: $200 criminal filing fee, $2,400 court appointed attorney fees, $3,000 for violating the UCSA, $500 for the Lewis County drug enforcement fund, and a $500 mandatory crime victim assessment, for a total of $6,600. Approximately three weeks later, the trial court entered an order amending McNeal's judgment and sentence to add an additional $883 for court appointed investigative services.

McNeal filed a direct appeal in 2012, and we affirmed his conviction. *State v. McNeal*, No. 43290-1-II, slip op. at 1 (Wash. Ct. App. Nov. 26, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2043290-1-II%20%20Unpublished%20Opinion.pdf. After we affirmed McNeal's conviction and mandated the case, the trial court entered an order imposing additional LFOs of $72 .00 "to the Lewis County Prosecuting Attorney's Office" and $3,680.59 "to Office of Public Defense Appellate Indigent Defense Fund." Clerk's Papers at 49.

In 2016 McNeal filed a CrR 7.8(b) motion to correct the judgment and sentence. The trial court found McNeal's motion time-barred under RCW 10.73.090(1),[4] and transferred McNeal's motion to this court for consideration as a personal restraint petition (PRP). McNeal argued that the trial court improperly calculated his offender score and that the convictions listed for DWLS in Lewis County did not exist. He argued that because the convictions for DWLS did not exist, his offender score was invalid on its face because it erroneously included washed-out offenses.

---

[4] RCW 10.73.090(1) provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

3

No. 52091-5-II

We issued an order dismissing the petition, but remanded the case for correction of scrivener's errors in September 2017. We held that McNeal's PRP was time-barred under RCW 10.73.090(1) because it was filed more than one year after his judgment and sentence became final, explaining that the State had demonstrated that McNeal's DWLS convictions did exist, just not in Lewis County.[5] The State conceded that McNeal's original judgment and sentence contained scrivener's errors, which listed two of his DWLS convictions as arising from Lewis County, when in fact they were Thurston County convictions. Thus, we remanded McNeal's judgment and sentence to the trial court for correction of these scrivener's errors on the DWLS convictions.

The State filed a motion and affidavit to amend the judgment and sentence for the scrivener's errors, asking the trial court to change "Lewis" to "Thurston" on two of McNeal's DWLS convictions. The motion came before the trial court in February 2018. After the court made its decision, McNeal declined to sign the order amending the judgment and sentence. McNeal argued he had not seen proof that the discrepancies were scrivener's errors or that the cases were from Thurston County. The court explained that it had no discretion over the matter, that it had to follow the order to amend as instructed by the Court of Appeals, and that McNeal was not entitled to an attorney for the motion proceedings. McNeal appealed the amended judgment and sentence and we issued an opinion. *State v. McNeal*, No. 52091-5-II, slip op. (Wash. Ct. App. Feb. 17, 2021), https://www.courts.wa.gov/opinions/pdf/D2%2052091-5-II%20Unpublished%20Opinion.pdf.

---

[5] Before our Supreme Court issued its decision in *Blake*, we held that McNeal's judgment and sentence became final on January 15, 2014, following the resolution of his direct appeal. He filed his last PRP in December of 2016.

4

McNeal then filed a "Motion to Vacate," arguing that his conviction for possession of methamphetamine be vacated because our Supreme Court recently held that RCW69.50.4013 is unconstitutional. The State concedes the issue. We accept McNeal's motion as a supplemental brief under RAP 10.1(h) and accept the State's concession.

ANALYSIS

## I. LEGAL FINANCIAL OBLIGATIONS

McNeal argues, and the State concedes, that the trial court erroneously imposed discretionary legal financial obligations despite McNeal's indigency. We agree.

McNeal's judgment and sentence was final in 2014. However, here the State makes no timeliness argument and concedes that we should remand to strike McNeal's discretionary legal financial obligations. The State notes that we should not remove McNeal's $500 mandatory crime victim assessment. We accept the State's concession.

## II. STATEMENT OF ADDITIONAL GROUNDS

McNeal filed a SAG in which he makes additional claims. He claims that he was denied due process when the trial court refused to hold a hearing to examine the scrivener's errors, that such a hearing would reveal some of his convictions washed out, and that his offender score was calculated incorrectly because his DWLS convictions were unconstitutional. Although his SAG claims fail, McNeal can address his offender score at his resentencing.

Generally, where a trial court has no discretion as to the actions it can take on remand, there is nothing for us to review on appeal. *In re Pers. Restraint of Sorenson*, 200 Wn. App. 692, 699, 403 P.3d 109 (2017). Additionally, a SAG may not contain or refer to documents outside the record on appeal. RAP 10.10(c).

5

McNeal is barred from raising these arguments here because the previous remand was only for scrivener's errors and the court below had no discretion over the amended judgment and sentence. Moreover, our review is limited to the record on appeal. Accordingly, the claims in McNeal's SAG fail. However, McNeal can address recalculation of his offender score at his resentencing.

III. SUPPLEMENTAL BRIEF

McNeal argues in his supplemental brief that his conviction for possession of a controlled substance should be vacated on the grounds that RCW 69.50.4013(1) is unconstitutional. We agree.

Eight days after we entered our initial decision in this case, the Supreme Court decided *State v. Blake*, No. 96873-0, slip op at 1 (February 25, 2021). In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. *Blake*, No. 96873-0, slip op. at 31.

A defendant cannot be convicted based on a void statute. *See State v. Rice*, 174 Wn.2d 884, 893, 279 P.3d 849 (2012); *see also State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005) (vacating a conviction that was based on a statute that the Supreme Court held was unconstitutional). Therefore, McNeal's conviction for possession of methamphetamine must be vacated.

IV. CONCLUSION

We affirm McNeal's conviction for unlawful delivery of a controlled substance. We accept the State's concessions that the trial court erred in imposing discretionary LFOs on McNeal and that McNeal's conviction for possession of methamphetamine was based on an

unconstitutional statute and is therefore void. Accordingly, we remand to the trial court to vacate McNeal's conviction for possession of methamphetamine and to resentence McNeal. At resentencing, the trial court should not impose discretionary legal financial obligations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Glasgow, J.